IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:23-CV-1673-BO-RN

ROBERT PAUL SHARPE, )
 )
        Plaintiff, )
 )
v. ) ORDER
 )
UNITED STATES OF AMERICA, )
 )
        Defendant. )

This cause comes before the Court on defendant's motion to dismiss and plaintiff's motions to stay and to amend the complaint. The appropriate responses and replies have been filed, or the time for doing so has expired, and in this posture the motions are ripe for ruling. For the reasons discussed more fully below, the motion to dismiss is granted and the remaining motions are denied.

## BACKGROUND

Plaintiff, Sharpe, who proceeds *pro se*, initiated this action by filing a complaint against the United States on December 19, 2023. [DE 1]. In his complaint, Sharpe alleges that he is a federal supply contractor who worked with the United States Department of Veterans Affairs (VA) by providing supplies to VA consolidated mail order pharmacies. Sharpe was employed by and held controlling stock in Port City Contracting Services (Port City), a federally certified service-connected disabled-owned small business. Mark Eastham and Peter Spark were equity holders and officers of Port City. Sharpe alleges that he was required to receive the highest compensation and maintain absolute control of Port City due to VA program requirements. Sharpe was also required to investigate fraud.

Sharpe alleges that a fraud investigation began on December 10, 2021, and that on December 14, 2021, both Eastham and Spark were terminated from their employment by Port City. Sharpe alleges that he was financially exploited and mentally abused by defendants[1] as part of their fraudulent scheme. Sharpe alleges that on December 20, 2021, a police report was filed concerning theft, embezzlement, and fraud by Eastham and Spark, and that a 50C protective order[2] was entered against Spark in New Hanover County District Court after a hearing on February 4, 2022.

Sharpe alleges that he is a whistleblower who is entitled to protection from retaliation under 41 U.S.C. § 4712 and 31 U.S.C. § 3730(h) after making protected disclosures regarding Eastham's and Spark's illegal actions. Sharpe alleges that in January 2022, he became aware of a new fraud initially thought to be unrelated to Eastham and Spark. Sharpe alleges that he believed that the Davinci Company was misrepresenting items being sold to the VA as new supplies when they were actually repackaged items, in violation of the False Claims Act, 31 U.S.C. § 3729. Sharpe alleges that the Davinci Company mislead him and Port City and that Sharpe confronted the CEO of Davinci Aerospace, Daniel Shoaf. Sharpe subsequently made a protected whistleblower report to the VA, which then terminated the contract due to the reported issues. Sharpe alleges that Shoaf then engaged in a scheme of retaliation in which he recruited Eastham and Spark and filed abusive lawsuits.

Sharpe submitted a whistleblower retaliation report to the VA Office of Inspector General (OIG). The VA OIG denied Sharpe's request for assistance on August 9, 2022. Sharpe alleges that whistleblower protections have been improperly denied. In his complaint he seeks an expedited

---

[1] Although only the United States has been named as a defendant in this case, the Court presumes that Sharpe is referencing Eastham and Spark.
[2] *See* N.C. Gen. Stat. § 50C.

2

hearing to clarify whistleblower status, rights, and protections between the parties. Sharpe further seeks to compel unlawfully withheld or unreasonably delayed action by the VA OIG under the Administrative Procedures Act (APA), 5 U.S.C. § 706.

After filing his complaint, Sharpe then filed a motion to stay this action, in which he seeks a "stay concerning a potential claim under the Federal Tort Claims Act [FTCA]." [DE 8]. Sharpe contends that a stay would allow this APA action to potentially eliminate or mitigate his damages. Sharpe further requests that a single judge in this district preside over this and another case which share factual bases. Defendant, the government, then filed a motion to dismiss and a memorandum in opposition to the motion to stay. Sharpe responded in opposition to the motion to dismiss and later filed an emergency motion to stay or for permission to amend his complaint, seeking a stay of an FTCA claim or permission to amend his complaint to allow him to bring a claim under the FTCA. The government opposes a stay and leave to amend.

## DISCUSSION

The government has moved to dismiss the complaint under Rule 12(b)(1) for lack of subject matter jurisdiction and under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(1); 12(b)(6).

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. "Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt." *Ashcroft v. Iqbal*, 556 U.S. 662, 671 (2009) (citation omitted). When subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647-50 (4th Cir. 1999). When a facial challenge to subject matter jurisdiction is raised, the facts alleged by the plaintiff in the complaint are taken as true, "and the motion must be denied if the complaint alleges sufficient

3
Case 7:23-cv-01673-BO-RN   Document 16   Filed 07/10/24   Page 3 of 10

facts to invoke subject matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). A court can consider evidence outside the pleadings without converting the motion into one for summary judgment. *See, e.g., Evans*, 166 F.3d at 647.

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Id.*

Sharpe's complaint alleges that he is a whistleblower who was subject to reprisal and made a complaint to the VA OIG.

> Congress enacted § 4712 as part of the National Defense Authorization Act for Fiscal Year 2013 as a "Pilot program for enhancement of contractor protection from reprisal for disclosure of certain information." Pub. L. No. 112-239, 126 Stat. 1632, 1837 (2013). Section 4712(a) prohibits contractors from engaging in reprisals against their employees for disclosing "gross mismanagement of a Federal contract" or any other "violation of a law, rule, or regulation related to a Federal contract." 41 U.S.C. § 4712(a). Under the statute, a person who believes he has been subject to a reprisal can file a complaint with the OIG of the relevant agency. *Id.* § 4712(b)(1).

*Jacobs Project Mgmt. Co. v. United States Dep't of Interior*, 64 F.4th 123, 125 (3d Cir. 2023). Generally, within 180 days after receiving a complaint, the relevant Inspector General must determine whether "a complaint is frivolous, fails to allege a violation of the prohibition in subsection (a), or has previously been addressed in another Federal or State judicial or administrative proceeding initiated by the complainant," and, if not, "the Inspector General shall

investigate the complaint" and submit a report to persons or entities concerned and the head of the relevant agency. 41 U.S.C. §§ 4712(b)(1); (b)(2).

If the Inspector General submits a report to the agency head, the agency head must determine whether reprisal has occurred and issue an appropriate order. *Id.* § 4712(c)(1). Judicial review of the decision of the agency head is provided for by the statute. *Id.* § 4712(c)(5). That review is conducted by the court of appeals for the circuit in which the alleged reprisal occurred. *Id.* Additionally, if the agency head either denies relief or has not entered an order within 210 days of submission of the complaint, the complainant is deemed to have exhausted his or her administrative remedy and may then bring a claim against the contractor in district court. *Id.* § 4712(c)(2).

In this case, the Inspector General determined that Sharpe's complaint did not allege a violation of the prohibition against contractor whistleblower reprisal under § 4712(a). *See* [DE 7-1] Fredrickson Decl. ¶ 4. No further action was therefore taken on Sharpe's complaint. Sharpe filed this action under section 706 of the APA to compel agency action by the VA OIG.

Generally, the United States and its agents, acting within the scope of their official government employment, enjoy sovereign immunity. *United States v. Sherwood*, 312 U.S. 584, 586 (1941). The APA "waives the federal government's sovereign immunity for a limited set of suits, brought by 'a person suffering legal wrong because of agency action' to obtain relief 'other than money damages.'" *City of N.Y. v. United States DOD*, 913 F.3d 423, 430 (4th Cir. 2019) (quoting 5 U.S.C. § 702). Absent waiver, sovereign immunity shields the government and its agencies from suits. *Id.* The APA permits suits that seek review of final agency actions for which no other adequate remedy is available but does not permit suits for actions which are committed by law to the discretion of the agency. 5 U.S.C. §§ 701(a)(2); 704. Final agency action includes

acts which "'determin[e] . . . rights and obligations.'" *Clear Sky Car Wash LLC v. City of Chesapeake*, 743 F.3d 438, 445 (4th Cir. 2014) (citation omitted). "Under [APA] § 706(2)(A), courts are instructed to 'hold unlawful and set aside agency action, findings, and conclusions found to be . . . an abuse of discretion.'" *Holbrook v. TVA*, 48 F.4th 282, 288 (4th Cir. 2022) (quoting 5 U.S.C. § 706(2)(A)).

"[A]n agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion." *Heckler v. Chaney*, 470 U.S. 821, 831 (1985). Thus, there is a presumption that there can be no judicial review of the decision by an agency not to begin an investigation or bring enforcement proceedings unless Congress has clearly indicated to the contrary. *Id.* at 837. Here, § 4712 provides that the Inspector General shall first make a determination as to whether the whistleblower complaint is frivolous, has already been addressed in a state or federal proceeding, or fails to allege a violation of the prohibition on retaliation against whistleblowers. 41 U.S.C. § 4712(b)(1). The statute provides that only if the initial questions are answered in the negative shall the Inspector General conduct an investigation and submit a report to the complainant and the head of the appropriate agency. *Id.* There is no indication in § 4712(b)(1) or elsewhere in the statute that Congress intended there to be judicial review of the initial determination by the Inspector General. Nor does the statute "provide[] guidelines for the agency to follow in exercising its enforcement powers[,]" which would rebut the presumption" that the decision not to take enforcement action is not reviewable. *Heckler*, 470 U.S. at 833.[3]

---

[3] Moreover, even if the decision that a whistleblower complaint is frivolous, fails to allege a violation of the statute, or has already been adjudicated is reviewable, it would appear that such review would be available only in the court of appeals. *See* 41 U.S.C. § 4712(c)(5) ("Any person adversely affected or aggrieved by an order issued under paragraph (1) may obtain review of the order's conformance with this subsection, and any regulations issued to carry out this section, in

6

In opposition to the motion to dismiss, Sharpe argues that the VA Inspector General was required to complete an investigation and issue a report regarding his whistleblower complaint. The cases he relies on, however, do not support his argument. Sharpe relies on *Jacobs Project Management* and *Craine v. National Science Foundation* to argue that § 4712 mandates that an inspector general conduct an investigation and submit a report of the findings of the investigation. In *Jacobs Project Management*, the Third Circuit considered a petition for review of an order issued by the Department of the Interior and whether the order was timely, and it did not address a decision by the Inspector General that a whistleblower's complaint was frivolous, failed to allege a violation of § 4712, or had been previously adjudicated. *Jacobs Project Mgmt. Co.*, 64 F.4th at 126-127. In *Craine*, the Court simply did not address the exceptions to the requirement that a complaint be investigated outlined in § 4712(b)(1). *Craine v. NSF*, 687 F. App'x 682, 686 (10th Cir. 2017). But a plain reading of the statute demonstrates that the exceptions are present, and Sharpe has failed to rebut the presumption that the decision by the VA Inspector General not to investigate is not reviewable. The Court thus lacks jurisdiction to consider his claim because the APA does not provide for a waiver of sovereign immunity.

The Court also lacks jurisdiction to consider Sharpe's APA claim because the statute provides him with an adequate remedy. As noted above, a whistleblower may seek review of an order issued by an agency head in the court of appeals, or he may bring a claim in district court *against the contractor*, not the agency, if he has been denied relief by the agency. *Id.* §§ 4712(c)(2); (c)(5). Accordingly, the APA does not waive sovereign immunity. *See Norvell v. Sec'y of the*

---

the United States court of appeals for a circuit in which the reprisal is alleged in the order to have occurred."). This Court would still therefore lack jurisdiction to consider Sharpe's claim.

7

*Treasury*, 821 F. App'x 853, 854 (9th Cir. 2020) (affirming dismissal of complaint filed under APA where plaintiff could seek review of agency decision in Tax Court).

Finally, the Court agrees with the arguments by the government that, to the extent Sharpe intends to bring a direct claim under § 4712 and the False Claims Act, neither provides for a waiver of sovereign immunity. There is no indication that § 4712 provides for an independent cause of action against the government or waiver of sovereign immunity, *Scarlett v. Nat'l Sci. Found. Off. of Inspector Gen.*, No. 22-CV-188 (BAH), 2022 WL 17830227, at *6 (D.D.C. Dec. 21, 2022), and "the False Claims Act does not contain a waiver of sovereign immunity for suits against the federal government." *Harris v. Bodman*, 538 F. Supp. 2d 78, 82 (D.D.C. 2008).

In sum, this Court lacks subject matter jurisdiction over Sharpe's complaint and it is appropriately dismissed without prejudice. Sharpe has also requested leave to amend his complaint to allege a claim under the FTCA. The FTCA also provides a limited waiver of sovereign immunity, providing the exclusive remedy "for injury or loss of property . . . arising or resulting from the negligent or wrongful act or omission of any employee of the [United States] while acting within the scope of his office or employment . . . ." 28 U.S.C. § 2679(b)(1); *see also* 28 U.S.C. § 1346(b). Because the FTCA is a waiver of sovereign immunity, plaintiffs "must file an FTCA action in careful compliance with its terms." *Kokotis v. U.S. Postal Service*, 223 F.3d 275, 278 (4th Cir. 2000).

At the outset, Sharpe has failed to comply with this Court's Local Civil Rules in requesting leave to amend because he has not filed a proposed amended complaint. *See* Local Civil Rule 15.1. Sharpe argues in his motion that he intends to bring an FTCA claim for negligence in two mandatory functions. Sharpe also identifies negligence by the VA OIG in training OIG intake personnel, which led to the negligent infliction of emotional distress. Sharpe seeks a stay of this

action due to his health, or, in the alternative, permission to amend his original complaint. The government has responded in opposition, arguing that granting leave to amend would be futile. Sharpe has not filed a reply in support of his request to amend.

A request to amend a complaint should be freely given, and denied only when granting leave to amend would be, *inter alia*, futile. *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (citation omitted). Sharpe's contentions in his request to amend do not reveal that he intends to allege any claim over which this Court would have subject matter jurisdiction. First, insofar as Sharpe intends to repackage his APA claim as an FTCA claim, the discretion afforded to the Inspector General discussed above likely remains fatal to his claim. *See* 28 U.S.C. § 2680(a); *Berkovitz by Berkovitz v. United States*, 486 U.S. 531, 536-537 (1988) (discussing FTCA discretionary function exception bar to suit). Second, "the mere allegation of a breach of duty under Federal law does not, by itself, state a valid tort claim against the Government." *Goldstar (Panama) S.A. v. United States*, 967 F.2d 965, 969 (4th Cir. 1992).

Third, Sharpe's contention that the VA OIG failed to train its intake personnel also does not appear to fall under the FTCA's waiver of sovereign immunity. The FTCA provides for liability "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). Although in an FTCA case "the United States is the only proper defendant—not any government agency or employee[,]" *Owen v. FDA Off. of Generic Drugs*, No. 1:20-CV-00098-MR, 2021 WL 3883112, at *3 (W.D.N.C. Aug. 27, 2021), the FTCA permits the United States to be sued for acts of its *employees*. 28 U.S.C. § 2679(b). Under North Carolina law, however, only an employer can be held liable for its own negligent training or supervision. *Braswell v. Braswell*, 330 N.C. 363, 373 (1991) (claims of negligent hiring, retention, supervision, or training grounded

in active negligence by the employer). Sharpe has failed to allege that his negligent training claim would fall within the FTCA's waiver, and the Court would thus lack subject matter jurisdiction over it.

In sum, the Court lacks subject matter jurisdiction over Sharpe's original complaint and it is appropriately dismissed without prejudice pursuant to Fed. R. Civ. P. 12(b)(1). Sharpe's request to amend his complaint is denied for failing to comply with the Court's Local Rules and because Sharpe has not demonstrated that the Court would have subject matter jurisdiction over the claims he intends to raise, and amendment would thus be futile.

## CONCLUSION

Accordingly, the government's motion to dismiss [DE 6] is GRANTED and the complaint is dismissed WITHOUT PREJUDICE. Sharpe's motions to stay [DE 8; DE 13] are DENIED and Sharpe's motion to amend his complaint [DE 13] is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED, this __9__ day of July 2024.

_Terrence Boyle_
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE